UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES BATSON                                                                                              Plaintiff

v.                                                                              Civil Action No. 3:25-CV-48-RGJ

FARMERS GROUP, INC.                                                                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff James Batson's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons set forth below, the Court will dismiss this action.

### I.

On January 22, 2025, Plaintiff initiated this *pro se* civil action.  [DE 1].  Plaintiff sues Defendant Farmers Group, Inc., for "fraud from out of state" and slander.  [*Id.* at 4].  Specifically, Plaintiff states that Defendant purposely "put fraudulent information on the letter of Experience, causing my insurance to go to maximum rate."  [*Id.* at 5].  In the basis for jurisdiction section of the court-supplied complaint, Plaintiff checks federal question as the basis for federal court jurisdiction.  [*Id.* at 4].  Plaintiff does not indicate the relief he requests.  [*Id.* at 6].

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.

2

*Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Therefore, the complaint must show on its face that the cause of action is created by federal law. Plaintiff has not alleged a violation of federal statutory or constitutional rights by Defendant or any other federal cause of action, and the Court cannot discern any from the facts alleged. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that plaintiff must be a citizen of a different state than each defendant— and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, Plaintiff fails to allege facts supporting that the amount in controversy exceeds $75,000. Even construed liberally, the complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See Cokes v. Stanson*, No. 3:24-CV-332, 2025 WL 360338, at *3 (S.D. Ohio Jan. 31, 2025) (plaintiff's request for nonmonetary relief or unspecified

monetary damages fails to plausibly allege amount in controversy); *Alexander v. Southside Auto Sales II*, No. 3:22-CV-244-CHB, 2022 WL 6755866, at *2 (W.D. Ky. Oct. 11, 2022) (plaintiff "does not allege facts to support an amount in controversy over $75,000"); *Tiger v. Pynkala*, No. 14-CV-2312-JDT, 2014 WL 5502405, *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000); *Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-CV-780-EAPD-EAS, 2012 WL 4757384 (S.D. Ohio Sept. 7, 2012) (finding that plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"). Therefore, Plaintiff has failed to satisfy the amount-in-controversy requirement, and the complaint fails to support diversity jurisdiction.

## IV.

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: May 7, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendant
A961.014